NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NARCRISSUS SWANIGAN, | No. 12-36002 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-05073-EFS |
| v. | |
| DAVID BAILEY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Washington state prisoner Narcrissus Swanigan appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

prison officials retaliated against him.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment because Swanigan failed to raise a genuine dispute of material fact as to whether defendants retaliated against him for complaining about alleged staff misconduct. *See id*. at 1269 (setting forth the elements of a First Amendment retaliation claim in the prison context); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (uncorroborated and self-serving testimony does not raise a genuine dispute of fact).

The district court did not abuse its discretion by denying Swanigan's motion for reconsideration because Swanigan failed to establish grounds warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration under Fed. R. Civ. P. 60(b)).

We reject Swanigan's contentions that the court weighed evidence, made credibility findings and failed to consider evidence Swanigan submitted.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2008) (per curiam).

**AFFIRMED.**